

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 09-84–GF–DLC-RKS |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| ERICK THOMAS RED DOG, | |
| Defendant. | |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on September 12, 2013. Defendant admitted he violated two conditions of his supervised release by failing to notify his probation officer of contact with law enforcement and by consuming alcohol. Defendant denied that his consumption of methamphetamine was voluntary, and the government proved this violation at the revocation hearing. Judge Strong found the admissions and evidence sufficient to establish all three supervised release violations. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a

term of imprisonment of 12 months with no supervised release to follow.

No objections were filed by either party. Judge Strong's findings and recommendations are therefore reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.*, 656 F.2d 1309, 1319 (9th Cir. 1981).

This Court agrees with Judge Strong's findings. Defendant admitted that he violated Standard Condition #11 and Special Condition #3, but disputed violating Standard Condition #7, stating he unknowingly consumed methamphetamine in a cigarette. The United States called Defendant's probation officer at the revocation hearing who testified that Defendant admitted to smoking two hits of methamphetamine with an acquaintance, and wrote on an admission form that he smoked meth. This Court agrees that Violation 1 was proven by a preponderance of the evidence.

The United States Sentencing Guidelines call for 5 to 11 months imprisonment. A sentence of 12 months of custody followed by no supervised release is appropriate because Defendant has repeatedly violated the terms of his supervised release by consuming alcohol and using controlled substances. These repeated violations display Defendant's lack of respect for court orders and an inability to conform to his supervised release conditions.

IT IS ORDERED that Judge Strong's Findings and Recommendations

(doc. 69) are ADOPTED in full and Judgment shall be entered accordingly.

Dated this 2nd day of October, 2013.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court